SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEVEN D. DI SAIA  Bar No. 158119
MATTHEW G. STEIN  Bar No. 236912
steven.disaia@sdma.com
matthew.stein@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELRAHEEM ODEH YOSEF and RANA JABER,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY; DOES 1 TO 20,<br><br>Defendants. | CASE NO. SACV 10-498 CJC (FFMx)<br>(Hon. Judge Cormac J. Carney, Courtroom 9B)<br><br>**ANSWER TO COMPLAINT BY GENERAL ELECTRIC COMPANY** |

Defendant General Electric Company ("GE"), by and through its counsel, answers plaintiffs' Complaint ("Complaint"), as follows:

1. Defendant GE admits that it is a business organization, as alleged in the subparts to Paragraph 5.

2. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and its subparts.

3. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore, denies the same.

/ / /

4. Defendant GE admits that Paragraph 10 asserts a claim for Products Liability.

5. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and its subparts and, therefore, denies the same.

6. Defendant GE admits that Paragraph 14 and its subparts pray for judgment for costs of suit and for compensatory damages according to proof.

7. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and, therefore, denies the same.

8. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-1 and therefore, denies the same.

9. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-2 and its subparts and therefore, denies the same.

10. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-3 and its subparts and, therefore, denies the same.

11. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-1 and therefore, denies the allegations set forth in Paragraph Prod. L-4 and its subparts.

12. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-1 and therefore, denies the allegations set forth in Paragraph Prod. L-5 and its subparts.

13. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph Prod. L-1 and therefore, denies the allegations set forth in Paragraph Prod. L-6 and its subparts.

14. Defendant GE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph Prod. L-7 and its subparts and therefore, denies the same.

## AFFIRMATIVE DEFENSES

For a further and separate answer to the Complaint, and by way of affirmative defenses, GE alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As to each and every cause of action, this answering defendant alleges that plaintiffs' Complaint fails to state facts sufficient to constitute any cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE
(Comparative Fault)

As to each and every cause of action, this answering defendant alleges that the incident and damages claimed in the Complaint, if any, were proximately caused by the negligence and/or other fault or acts of plaintiffs, other defendants, and/or firms, persons, corporations, or entities other than defendant, and, as such, said negligence and/or other fault comparatively reduces the percentage of any negligence attributable to defendant, if it should be found that defendant was negligent or otherwise at fault, which defendant expressly denies.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

As to each and every cause of action, this answering defendant alleges that plaintiffs' Complaint is barred by the provisions of *Code of Civil Procedure* §§ 335.1, 337, 338, 340, & 343, *Commercial Code* §2725, and all other applicable statutes of limitations.

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

(Independent, Intervening or Superseding Causes)

As to each and every cause of action, this answering defendant alleges that independent, intervening, and superseding forces and/or actions of third parties and/or plaintiffs proximately caused or contributed to plaintiffs' alleged losses or damages, barring recovery from this defendant under the claims set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As to each and every cause of action, this answering defendant alleges that plaintiffs, with full knowledge of the alleged damages, if any, failed to mitigate such damages.

## SIXTH AFFIRMATIVE DEFENSE

(Misuse of Product)

As to each and every cause of action, this answering defendant alleges that the alleged injuries and damages in question, if any, were caused, or contributed to, by the misuse of the product in question.

## SEVENTH AFFIRMATIVE DEFENSE

(Alteration of Product)

As to each and every cause of action, this answering defendant alleges that the product in question was altered after it left the control of the manufacturer, if such control ever occurred, and that such alteration(s) proximately caused the losses and/or damages alleged, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(State of The Art)

As to each and every cause of action, this answering defendant alleges that the product in question conformed to the state of the art at the time of sale, and that it was designed, manufactured, and tested pursuant to generally recognized and

prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product at that time.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Follow Warning Supplied With Product)

As to each and every cause of action, this answering defendant alleges that any damages sustained, in the use of the product in question, were proximately caused by the failure to follow the instructions and warnings supplied with the product.

## TENTH AFFIRMATIVE DEFENSE

(Contribution)

As to each and every cause of action, this answering defendant alleges that plaintiffs, other defendants, and/or other or third parties were careless and negligent, and that this carelessness and negligence proximately contributed to the happening of the defect or nonconformity resulting in the losses and damages alleged, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

(Indemnification)

As to each and every cause of action, this answering defendant alleges that, if it is held liable for the events as set forth in the Complaint, said liability will be based solely on a derivative form of liability, not resulting from the negligent conduct of defendant, but rather only from an obligation imposed by law.  As such, defendant will be entitled to complete and total implied indemnity from said parties or other entities.

## TWELFTH AFFIRMATIVE DEFENSE

(Equitable Doctrines)

As to each and every cause of action, this answering defendant alleges that the Complaint, and each and every alleged cause of action, is barred by the Equitable Doctrines of Laches, Unclean Hands, and/or Estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Apportionment of Damages)

As to each and every cause of action, this answering defendant alleges that if it is found liable to plaintiffs, along with other defendants or parties not yet named in this action, that, as a result, the damages sustained by plaintiffs, if any, must be apportioned, based on the principles of comparative negligence, pursuant to *Civil Code* § 1431 and all other applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

As to each and every cause of action, this answering defendant alleges that the Complaint, and each cause of action alleged therein, is vague, ambiguous, and uncertain.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Condition of Product Open and Obvious)

As to each and every cause of action, this answering defendant alleges that, at the time of the alleged incident, any alleged dangerous condition was open and obvious and known to the user of the product in question.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Prior Knowledge of Defect)

As to each and every cause of action, this answering defendant alleges that the product in question was used after knowledge of a defect, the existence of which is expressly denied by answering defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Benefits Outweigh Risks of Design)

As to each and every cause of action, this answering defendant alleges that, in light of the relevant factors on balance, the benefits of the design of the product in question outweigh the risk of danger, if any, inherent in that design.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Privity of Contract)

There is an absence of privity of contract as between plaintiffs and answering defendant, and therefore plaintiffs' action as against this answering defendant is barred.

## NINETEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendant reserves the right to allege further affirmative defenses, as they may become known through the course of discovery.

WHEREFORE, Defendant GENERAL ELECTRIC COMPANY prays as follows:

1. That plaintiffs take nothing by their Complaint;
2. That the Complaint is dismissed with prejudice and that judgment is awarded in favor of this defendant;
3. For costs of suit incurred herein;
4. For such other and further relief as this Court deems just and proper.

DATED: May 28, 2010         SEDGWICK, DETERT, MORAN & ARNOLD LLP


                                  /S/Matthew G. Stein
                            By:_____
                                  STEVEN D. DI SAIA
                                  MATTHEW G. STEIN
                                  Attorneys for Defendant
                                  GENERAL ELECTRIC COMPANY

LA/963677v1